[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2012
JOHN LEY
CLERK

No. 12-10116
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-00149-DHB-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE ROBINSON,
a.k.a. Ty,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 30, 2012)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Tyrone Robinson pled guilty in 2008 to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 52 months' imprisonment, to be followed by 3 years of supervised release. Robinson's term of supervised release commenced on October 10, 2011, and in November, 2011, his probation officer petitioned the district court to issue a warrant for his arrest based on his failure to abide by the conditions of his supervised release. Following a hearing, at which Robinson stipulated that he had violated three of the conditions, the district court revoked his supervised release and imposed a 12-month sentence of imprisonment. On appeal, Robinson argues that his 12-month sentence is substantively unreasonable because the district court failed to adequately consider his stipulation, his mitigation arguments, whether a lesser sentence would have been appropriate, and the 18 U.S.C. § 3553(a) sentencing factors. After thorough review, we affirm.

We review a sentence imposed upon the revocation of supervised release for reasonableness. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). Our "reasonableness" review "merely asks whether the trial court abused its discretion," and the party challenging the sentence bears the burden of establishing that the sentence is unreasonable. United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

2

A district court may revoke a defendant's term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). In imposing a sentence of imprisonment, the district court is required to consider certain factors set forth in 18 U.S.C. § 3553(a). Id. § 3583(e). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (a) afford adequate deterrence to criminal conduct, (b) protect the public from further crimes of the defendant, and (c) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing range established by the Guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted disparities; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation

3

from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011). In explaining the sentence, the district court need not specifically discuss each of the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

4

Although we do not automatically presume reasonableness for a sentence within the guidelines range, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Robinson has not carried his burden of demonstrating that his sentence was substantively unreasonable.[1] To begin with, because Robinson's 12-month sentence is within the advisory guidelines range of 6 to 12 months' imprisonment, there is an ordinary expectation of reasonableness. Id. Moreover, contrary to Robinson's argument on appeal, the district court did take into consideration his arguments offered in mitigation, specifically noting that it was not unreasonable for Robinson to have some contact with the people he had met at his halfway house. Further, in discussing the nature and circumstances of the offense, the district court specifically emphasized (1) Robinson's deliberate attempt to mislead his probation officer, (2) his failure to explain why the violations occurred so late in the evening, and (3) the short length of time between Robinson's release from prison and the violation. 18 U.S.C. § 3553(a)(1). The district court also discussed its observation that Robinson had failed to "take the rules [it] imposed very seriously" before announcing its decision to revoke

[1] Robinson raises no challenge to the procedural reasonableness of his sentence, and accordingly, he has waived any claim in this respect. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that issues not raised in an initial brief on appeal are deemed abandoned).

his supervised release and impose a 12-month prison sentence. <u>See</u> 18 U.S.C. § 3553(a)(2)(B) (requiring the sentence imposed to "afford adequate deterrence to criminal conduct").

The district court did not abuse its discretion by emphasizing only some of the factors because the weight to be accorded any given § 3553(a) factor is within the discretion of the district court. <u>Snipes</u>, 611 F.3d at 872. Nor was the district court required to explicitly discuss each of the § 3553(a) factors, particularly when the explanation for its sentencing decision took these factors into account. <u>Scott</u>, 426 F.3d at 1329. Robinson has not demonstrated a clear error of judgment in the district court's weighing of the § 3553(a) factors, and therefore, has not carried his burden of demonstrating that his sentence is substantively unreasonable. Accordingly, we affirm his 12-month sentence.

**AFFIRMED.**